<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

DEE JAY ASSOCIATES, INC., :
ANN MARIE C. BURTNICK, and JOHN
M. BURTNICK, :

    Plaintiffs, :    Civil Action No. 10-4125 (FLW)

    v. :
                                          **OPINION**
                            :
NASSAU PUBLICATIONS, LLC,
NASSAU HOLDINGS OF PRINCETON, :
INC., NASSAU JOURNALS, LLC, and
LOUIS F. MERCATANTI, JR. :

    Defendants. :

    v. :

JOHN M. BURTNICK, JR., :

    Third Party Defendant. :

---

Presently before the Court is a Motion to Remand to state court by Defendants Nassau Publications, LLC, Nassau Holdings of Princeton, Inc., Nassau Journals, LLC and Louis F. Mercatanti, Jr. ("Defendants"). For the reasons set forth below, Defendants' motion is granted.

I. <u>BACKGROUND AND PROCEDURAL HISTORY</u>

On May 3, 2010, Plaintiffs Annmarie C. Burtnick, John M. Burtnick and Dee Jay Associates, Inc. ("Dee Jay") (collectively referred to as "Plaintiffs") filed a complaint in the Superior Court of New Jersey, Monmouth County, against Defendants. Plaintiffs' complaint arose out of a

purchase agreement, promissory note, personal guaranty and operating agreement between the parties relating to the purchase and operation of The Colts Neck Journal, The Lincroft Journal, and the Journal (collectively, the "Journal"), regional publications that were, at that time, owned by Dee Jay.  Plaintiffs' complaint set forth nine causes of action against Defendants including Default, Breach of the Asset Purchase Agreement, Promissory Note and Guaranty, Breach of the Operating Agreement, Breach of the Employment Agreement, Unjust Enrichment, Breach of the Implied Covenant of Good Faith and Fair Dealing, Age and Gender Discrimination in violation of the New Jersey Law Against Discrimination, and violations of New Jersey Wage and Hour Law.  Plaintiffs contend, inter alia, that Defendants owe Plaintiffs $85,000 for the purchase of the Journal, that Defendants failed to pay the "Put Right" owed to the Plaintiffs, and that Defendants discriminated against Annmarie Burtnick on the basis of age and gender.

On July 8, 2010, Defendants filed an answer defending against Plaintiffs' claims.  In addition, Defendants filed a Counterclaim and Third Party Complaint against Plaintiffs and John M. Burtnick Jr. ("John Jr."),  alleging that Annmarie and John Burtnick and their son, John Jr., breached their obligations to the Defendants and conspired to steal money from the Journal. Specifically, Defendants' Counterclaim and Third Party Complaint sets forth the following causes of action against Plaintiffs and John Jr.: Violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO") 18 U.S.C. § 1961, et seq., Violation of New Jersey RICO, Conversion and Unjust Enrichment.  In addition, Defendants set forth the following additional causes of action against Annmarie and/or John Burtnick: Breach of the Employment Agreement, Breach of the Operating Agreement, Breach of Fiduciary Duty, Breach of the Duty of Loyalty and Breach of the Implied Covenant of Good Faith and Fair Dealing.

On July 12, 2010, John Jr. received a copy of the Third Party Complaint, and, on August 11, 2010, filed a notice of removal pursuant to 28 U.S.C. § 1331 removing this case to the United States District Court for the District of New Jersey.[1]  Subsequently, on August 19, 2010, Defendants filed a Motion to Remand Case to Superior Court of New Jersey.  Specifically, Defendants contend that removal by John Jr. was improper because third party defendants are not authorized to remove actions under 28 U.S.C. § 1441 as a matter of law. In response, Plaintiffs and Third Party Defendant argue that removal was proper because the Third Party Complaint provides a "separate and independent" cause of action.

II. DISCUSSION

A. Standard for Remand

"Removal of a complaint from state to federal court is proper only if the federal court to which the action is removed would have had original jurisdiction over the matter." Hackensack Univ. Med. Ctr. v. Lagno, No 06-687, 2006 WL 3246582, at * 2 (D.N.J. Nov. 3, 2006) (citing 28 U.S.C. § 1441(a)-(b)).  Indeed, the statute provides, in relevant part: "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

Remand is governed by 28 U.S.C. § 1447(c) which provides that a "motion to remand the

---

[1] Coincidentally, the same counsel that represents Plaintiffs and filed the case in state court also represents the Third Party Defendant, and removed the case on his behalf.

case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days of the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Importantly, "[w]hen the propriety of the removal is challenged, the burden is on the defendant to show that removal is proper, and the Court is obligated to 'strictly construe the removal statutes against removal and resolve any doubts in favor of remand.'" Lagno, 2006 WL 3246582, at * 2 (citations and quotations omitted).

However, because removal in this matter was noticed by John Jr., the Third Party Defendant, this is not the end of the inquiry. Indeed, the issue of whether a third-party defendant is entitled to remove has never been addressed by the United States Supreme Court or the United States Court of Appeals for the Third Circuit. That said, the majority of courts analyzing this issue have determined that a third-party defendant is not empowered to remove a case. See, e.g., Monmouth-Ocean Collection Serv., Inc. v. Klor, 46 F.Supp.2d 385, 388-89 (D.N.J.1999) (adopting the majority view that a third party may not remove under § 1441); Kaye Associates v. Board of Chosen Freeholders of Gloucester, 757 F.Supp. 486, 487-89 (D.N.J.1991)(concluding that third-party defendants have no right to remove under section 1441).

These courts have found that "third-party defendants are not proper parties for removal because they are not 'defendants' under § 1441(a) and/or because § 1441(c) only applies to claims joined by plaintiffs." Kaye, 757 F.Supp. at 487. The courts have also noted that allowing removal by third-party defendants would conflict with other well-established rules regarding removal. Id. at 488 (cases cannot be removed solely on the basis of a defendant's counterclaim, removability is determined by the initial pleadings filed by the plaintiff, and a case nonremovable

4

on the initial pleadings can become removable only pursuant to a voluntary act of the plaintiff). The majority of courts also have reasoned that the legislative history of the statute indicates that the section was not intended to extend the right of removal to third-party defendants.  Id. at 489 ("Looking at that legislative history, it seems clear that the intent of § 1441(c) was to ensure that the plaintiff cannot preclude the right to remove a removable claim through the device of joining a wholly separate and independent nonremovable claim.") (internal quotations and citation omitted).

The minority rule is that third-party defendants may remove State claims to federal court where the third-party claims are "separate and independent" from the main cause of action. See, e.g., Hackensack Univ. Med. Ctr. v. Lagno, Civil Action No. 06-687, 2006 WL 3246582, at *4-5 (D.N.J. Nov. 3, 2006) ( finding that third-party claim may serve as basis for removal under section 1441(c), but ultimately remanding because removal was impermissible absent "separate and independent" indemnification and violation of ERISA third party claims); Patient Care, Inc. v. Freeman, 755 F.Supp. 644, 649-50 (D.N.J.1991) (concluding that third-party defendant may properly remove "separate and independent" claim asserted against it to federal court pursuant to section 1441(c), but ultimately remanding case because third-party claim for indemnification was not "separate and independent" claim).

These courts have noted that § 1441(c) does not provide that only claims joined by the plaintiff may be removed. Patient Care, 755 F.Supp. at 649 ("Construing § 1441(c) to include only claims joined by the plaintiff inserts qualifying language into the statute not placed there by Congress.")(quotations omitted). The minority-view courts further recognize that a third-party defendant "never voluntarily submitted itself to the jurisdiction of the state court" but instead is

"dragged into state court by service of process the same way that any other defendant is brought into court" and "is as much a defendant as if the case had been originally brought against it." Id. (quoting Ford Motor Credit, 563 F.Supp. at 1113 (footnotes and internal quotations omitted)). Finally, "removability under 28 U.S.C. § 1441(c) cannot rationally be made to depend on the

"The common ground between these two views is that removal should only be allowed for claims that are, in the language of Section 1441(c), 'separate and independent' from the main cause of action." Lagno, 2006 WL 3246582, at *4 (citing Patient Care, 755 F.Supp. at 650). The Supreme Court has held that claims are not separate and independent "where there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions." American Fire & Casualty Co. v. Finn, 341 U.S. 6, 14, 71 S.Ct. 534, 95 L.Ed. 702 (1951). If the third-party claim is "substantially derived from the same set of facts" as the non-removable main claim, it is not a "separate and independent" claim under Section 1441(c). New Venture Gear, Inc. v. Fonehouse, 982 F. Supp. 892, 893 (N.D.N.Y.1997) (citing Mignogna v. Sair Aviation, Inc., 679 F.Supp. 184, 190 (N.D.N.Y.1988); Lewis v. Louisville & Nashville R. Co., 758 F.2d 219, 221 (7th Cir.1985))

B. Analysis

In the instant matter, the Court finds that removal is defective under either the majority or minority view.  First, as per the majority view, John Jr., as a third party defendant is not empowered to remove this action under 28 U.S.C. § 1441(a). See, e.g., Kaye, 757 F. Supp. at 486-89.  Moreover, the Court finds that removal is equally inappropriate under the "separate and independent" rule.  Indeed, despite Plaintiffs' and Third Party Defendant's suggestion that the

third party action against John Jr. "is based on a separate relationship and a separate and distinct course of allegedly wrongful conduct," Pl's Br. at 5, the Court does not agree.  For example, in their Third Party Complaint, Defendants set forth numerous causes of action against John Jr., and his parents, Annmarie and John Burtnick that arise from the same set of facts as those set forth in Plantiffs' initial Complaint filed in state court.  Specifically, Plaintiffs alleged that Defendants owed them money pursuant to an agreement between the parties for the purchase of the Journal.  In response, Defendants alleged that they owe Plaintiffs no money and that Plaintiffs themselves breached the agreements between in numerous ways including, inter alia, by virtue of a conspiracy with John Jr. to steal money from the Defendants.  Thus, the Court finds that Defendants' claims against John Jr. arise "from an interlocked series of transactions" and that there is no "separate and independent" claim against John Jr. as required by section 1441 and, therefore, that removal is not proper.  Lagno, 2006 WL 3246582, at *5 (citing Patient Care, Inc., 755 F. Supp. at 651).

III. CONCLUSION

    For the reasons set forth above, Defendants' motion to remand the case to state court is granted. An appropriate form of order is filed herewith.

Dated: January 3, 2011                                                                  /s/ Freda L. Wolfson
                                                                              Freda L. Wolfson, U.S.D.J.